IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 25-cv-00665-PAB-CYC

STEVEN ANGELO APODACA,

    Plaintiff,

v.

SGT. FAGRELIUS CLARK,
STEPHEN GILES, correctional officer, and
ISOM, correctional officer,

    Defendants.

---

**ORDER ACCEPTING MAGISTRATE JUDGE'S RECOMMENDATION**

---

This matter is before the Court on the Recommendation of United States Magistrate Judge [Docket No. 105]. The Recommendation states that objections to the Recommendation must be filed within fourteen days after its service on the parties. Docket No. 105 at 2 n.1; *see also* 28 U.S.C. § 636(b)(1)(C). The Recommendation was served on December 17, 2025. No party has objected to the Recommendation.

In the absence of an objection, the district court may review a magistrate judge's recommendation under any standard it deems appropriate. *See Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991); *see also Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings."). In this matter, the Court has reviewed the Recommendation

to satisfy itself that there is "no clear error on the face of the record."[1]  Fed. R. Civ. P. 72(b), Advisory Committee Notes.  Based on this review, the Court has concluded that the Recommendation is a correct application of the facts and the law.  Accordingly, it is

**ORDERED** that the Recommendation of United States Magistrate Judge [Docket No. 105] is **ACCEPTED**.  It is further

**ORDERED** that State Defendants' Motion to Dismiss Amended Complaint [Docket No. 44] is **DENIED as moot and without prejudice**.

DATED January 6, 2026.

BY THE COURT:

PHILIP A. BRIMMER
Chief United States District Judge

---

[1] This standard of review is something less than a "clearly erroneous" or "contrary to law" standard of review, Fed. R. Civ. P. 72(a), which in turn is less than a de novo review.  Fed. R. Civ. P. 72(b).