IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 25-cv-00665-PAB-CYC

STEVEN ANGELO APODACA,

Plaintiff,

v.

FAGRELIUS CLARK,
STEPHEN GILES, and
ISOM,

Defendants.

---

**ORDER**

---

This matter comes before the Court on the Recommendation of United States Magistrate Judge [Docket No. 121]. The recommendation addresses the Motion to Dismiss Second Amended Complaint (ECF No. 107) [Docket No. 113]. The Court has jurisdiction pursuant to 28 U.S.C. § 1331.

## I. BACKGROUND

The facts are set forth in the magistrate judge's recommendation, Docket No. 121 at 2-3, and the Court adopts them for purposes of ruling on the objection. To the extent that defendants dispute how the magistrate judge construed certain facts, the Court considers and resolves those arguments below.

On February 28, 2025, plaintiff filed this case. Docket No. 1. The second amended complaint (the "complaint") brings claims under 42 U.S.C. § 1983 for excessive use of force, deliberate indifference, and failure-to-intervene. Docket No. 107 at 4-16. Plaintiff's claims arise out of injuries plaintiff sustained while being restrained

prior to a strip search. *Id.* On February 4, 2026, defendants filed a motion to dismiss. Docket No. 113. On August 25, 2026, Magistrate Judge Cyrus Y. Chung issued a recommendation to grant the motion to dismiss on all claims except the excessive force claim against defendant Giles. Docket No. 121. On September 3, 2026, defendant Giles filed a timely objection to the August 25, 2026 recommendation. Docket No. 122. On September 16, 2026, plaintiff filed a response. Docket No. 123.

## II. LEGAL STANDARD

### A. Objections to the Magistrate Judge Recommendation

The Court must "determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). An objection is "proper" if it is both timely and specific. *United States v. One Parcel of Real Prop. Known as 2121 E. 30th St.*, 73 F.3d 1057, 1059 (10th Cir. 1996) ("*One Parcel*"). A specific objection "enables the district judge to focus attention on those issues – factual and legal – that are at the heart of the parties' dispute." *Id*.

In the absence of an objection, the district court may review a magistrate judge's recommendation under any standard it deems appropriate. *See Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991); *see also Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings."). The Court therefore reviews the non-objected to portions of a recommendation to confirm there is "no clear error on the face of the record." Fed. R. Civ. P. 72(b), Advisory Committee Notes. This standard of review is something less than a "clearly erroneous" or "contrary to law" standard of review, Fed. R. Civ. P. 72(a), which in turn is less than a de novo review. Fed. R. Civ. P. 72(b).

**B. <u>Rule 12(b)(6)</u>**

To survive a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a complaint must allege enough factual matter that, taken as true, makes the plaintiff's "claim to relief . . . plausible on its face." *Khalik v. United Air Lines*, 671 F.3d 1188, 1190 (10th Cir. 2012) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "The 'plausibility' standard requires that relief must plausibly follow from the facts alleged, not that the facts themselves be plausible." *RE/MAX, LLC v. Quicken Loans Inc.*, 295 F. Supp. 3d 1163, 1168 (D. Colo. 2018) (citing *Bryson v. Gonzales*, 534 F.3d 1282, 1286 (10th Cir. 2008)). Generally, "[s]pecific facts are not necessary; the statement need only 'give the defendant fair notice of what the claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam) (quoting *Twombly*, 550 U.S. at 555) (alterations omitted). A court, however, does not need to accept conclusory allegations. *See, e.g.*, *Hackford v. Babbit*, 14 F.3d 1457, 1465 (10th Cir. 1994) ("[W]e are not bound by conclusory allegations, unwarranted inferences, or legal conclusions.").

"[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (quotations and alterations omitted); *see also Khalik*, 671 F.3d at 1190 ("A plaintiff must nudge [his] claims across the line from conceivable to plausible in order to survive a motion to dismiss." (quoting *Twombly*, 550 U.S. at 570)). If a complaint's allegations are "so general that they encompass a wide swath of conduct, much of it innocent," then plaintiff has not stated a plausible claim. *Khalik*, 671 F.3d at 1191 (quotations omitted). Thus, even though modern rules of pleading are somewhat forgiving, "a complaint still

must contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." *Bryson*, 534 F.3d at 1286 (alterations omitted).

## III. ANALYSIS

The magistrate judge recommends granting the motion to dismiss on all claims except the excessive force claim against defendant Giles. Docket No. 121 at 12-13. Defendant Giles objects on the basis that the complaint does not sufficiently allege the subjective prong of the excessive force claim. Docket No. 122 at 3-8. Defendant Giles does not object to the recommendation's finding that the complaint plausibly alleges that the objective prong of the excessive force claim is satisfied or the finding that defendant Giles violated clearly established law. Plaintiff does not object to the recommendation.

The Eighth Amendment provides that "cruel and unusual punishments" shall not be inflicted. U.S. Const. amend. VIII. "After incarceration, only the unnecessary and wanton infliction of pain . . . constitutes cruel and unusual punishment." *Ingraham v. Wright*, 430 U.S. 651, 670 (1977) (internal quotations and citations omitted). "[A]n excessive force claim involves two prongs: (1) an objective prong that asks if the alleged wrongdoing was objectively harmful enough to establish a constitutional violation, and (2) a subjective prong under which the plaintiff must show that the officials acted with a sufficiently culpable state of mind." *Giron v. Corr. Corp. of Am.*, 191 F.3d 1281, 1289 (10th Cir. 1999) (internal quotations, alterations, and citation omitted). "The subjective element of an excessive force claim 'turns on whether force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm.'" *Id.* (quoting *Whitely v. Albers*, 475 U.S. 312, 320-21 (1986)).

The recommendation finds that the complaint plausibly alleges an excessive force claim stemming from defendant Giles slamming plaintiff's face and head into a concrete bunk after plaintiff involuntarily moved from pain caused by defendant Giles putting a wrist restraint on plaintiff. Docket No. 121 at 6-7. In making this finding, the recommendation notes that the complaint alleges that defendant Isom testified that defendant Isom "knew that the overly-tight wrist restraint caused plaintiff's involuntary movement." *Id.* at 7. Therefore, the recommendation finds that "it was objectively knowable that the plaintiff was not resisting and instead moved his body involuntarily in response to the restraints" and thus "Giles's use of the moment to slam the plaintiff's head into concrete could plausibly have been for the purpose of harming the plaintiff, rather than a legitimate response to aggression." *Id.*

Defendant Giles objects to this finding, arguing that the allegation in the complaint regarding defendant Isom's testimony merely establishes that defendant Isom retrospectively assumed that the wrist restraint was applied too tightly, not that defendant Isom contemporaneously knew that plaintiff involuntarily moved as a result of the wrist restraint being tightly applied. Docket No. 122 at 5-6. Moreover, defendant Giles argues that allegations regarding what defendant Isom knew do not establish what defendant Giles subjectively knew and therefore do not plausibly establish that defendant Giles acted with a culpable state of mind. *Id.* at 6-7. While these objections have merit, the issue for defendants is that several other allegations in the complaint, independent of what defendant Isom knew, plausibly establish that defendant Giles acted for the purpose of causing harm rather than for the purpose of officer safety.

The complaint alleges that plaintiff is 63 years old. Docket No. 107 at 14. On April 5, 2024, plaintiff requested to speak with a mental health clinician about a grievance. *Id.* at 4. Plaintiff was escorted to a mental health holding cell to speak with a mental health clinician. *Id.* Before being escorted, plaintiff's feet were shackled and his hands were cuffed behind his back. *Id.* at 4-5. Plaintiff remained shackled and handcuffed throughout the incident. *Id.* at 14. While being escorted to the holding cell, defendant Giles pushed plaintiff hard on plaintiff's upper back and neck. *Id.* at 5. Plaintiff repeatedly asked defendant Giles to stop, explaining that he had recent neck surgery and medical issues. *Id.* In response, defendant Giles said "shut up I don't care." *Id.* Plaintiff turned his head to look at defendant Giles's name, presumably on his uniform, and defendant Giles told plaintiff "don't turn on staff." *Id.* In response, plaintiff informed defendant Giles of his intent to file a grievance against him. *Id.*

Plaintiff complied with defendant Giles's directive to look ahead and continued to obey all other directives. *Id.* at 6-7. Upon arriving at the holding cell, defendant Clark asked plaintiff if he was going to comply with the strip search, to which plaintiff responded that he would comply, but wanted mental health staff present due to his belief that defendant Giles was trying to hurt him. *Id.* at 7. Defendant Clark stated that if plaintiff did not strip, the corrections staff would cut his clothes off. *Id.* Corrections staff proceeded to get "strip out restraints and a pair of scissors." *Id.* While waiting for the restraints, defendant Giles continued pushing hard on plaintiff's upper back and neck area. *Id.* Plaintiff again stated that defendant Giles was hurting him and that he recently had neck surgery. *Id.* Defendant Giles responded by stating "I don't care you can have another one." *Id.* Shortly thereafter, a staff member brought back the

restraints. *Id.* Plaintiff, due to fear that defendants were going to hurt him, stated he would comply with the strip search without the presence of mental health staff. *Id.* at 7-8. Defendant Clark applied a belly chain to plaintiff and secured the paddle lock, during which plaintiff was fully compliant. *Id.* at 8. Defendant Giles then "applied the left universal wrist restraint so tight i[t] sent shockwaves through [plaintiff's] whole body and out of extreme pain [plaintiff] did involuntarily move." *Id.* In response, defendant Giles grabbed the back of plaintiff's head and neck and slammed his head and face against the concrete bunk with sufficient force to cause plaintiff to see a white flash and almost lose consciousness. *Id.* As a result, plaintiff had an egg size knot on the left side of his head and could not see well from his left eye. *Id.* at 8-9. Plaintiff's wrist was swollen from the wrist restraint. *Id.* at 9.

Viewing these allegations in the light most favorable to plaintiff, defendant Giles repeatedly pushed hard on plaintiff's upper back and neck. In response to plaintiff's statement that it hurt him and that he had recent neck surgery, defendant Giles told him that he did not care. Then, shortly after telling plaintiff that he did not care that plaintiff had a recent neck surgery, defendant Giles tightly applied a wrist restraint to plaintiff's left wrist. When plaintiff involuntarily moved due to the pain, defendant Giles grabbed the back of plaintiff's head and neck and slammed his head and face against the concrete bunk with sufficient force to almost knock plaintiff unconscious. From this set of facts, it is plausible that defendant Giles used this force with malicious intent to cause plaintiff harm, rather than with an intent to maintain order and discipline. This inference is plausibly supported by the fact that defendant Giles stated that he did not care if he was hurting plaintiff shortly before slamming his face into the concrete bunk and by the

degree of force defendant Giles used. In ruling on a motion to dismiss, the court "must draw all reasonable inferences in favor of the nonmoving party." *George v. HEK Am., Inc.*, 157 F.R.D. 489, 492 (D. Colo. 1994) (citing *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)). Therefore, the Court finds that the complaint sufficiently alleges the subjective prong.

Defendant Giles maintains that the allegations in the complaint support a contrary inference. Docket No. 122 at 4-5. Specifically, he states the complaint alleges that plaintiff turned on defendant Giles while being escorted down the hallway, refused to initially consent to a strip search, and made a sudden movement while his restraints were being changed out. *Id.* However, when ruling on a Rule 12(b)(6) motion, "it is not necessary that the inference of intent supported by the pleaded facts be *the most plausible* explanation of the defendant's conduct. It is sufficient if the inference of intent is plausible." *Rupp v. Pearson*, 658 F. App'x 446, 449 (10th Cir. 2016) (unpublished) (internal quotations, citations, and alterations omitted); *see also 80sTee.com, Inc. v. Jersey Nation Pty., Ltd.*, No. 25-cv-01603-STV, 2026 WL 294930, at *9 (D. Colo. Feb. 4, 2026) ("If there are two alternative explanations, one advanced by defendant and the other advanced by plaintiff, both of which are plausible, plaintiff's complaint . . . survives a motion to dismiss under Rule 12(b)(6).") (quoting *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011)). Thus, it does not matter that there is a plausible explanation that defendant Giles's conduct was for a legitimate purpose so long as plaintiff provides a plausible explanation why defendant Giles's conduct was malicious. Plaintiff has done so. Defendant Giles does not challenge the recommendation's finding on the objective

prong or the recommendation's finding that defendant Giles violated clearly established law. Therefore, the Court will overrule defendant Giles's objection.

The magistrate judge recommends dismissing plaintiff's other claims for relief without prejudice, which include deliberate indifference claims against all defendants, excessive force claims against defendants Isom and Clark, and failure-to-intervene claims against defendants Clark and Isom.[1] Docket No. 121 at 1, 12-13. Plaintiff did not file an objection to the recommendation. The Court has reviewed the non-objected to portions of the recommendation to satisfy itself that there is "no clear error on the face of the record." Fed. R. Civ. P. 72(b), Advisory Committee Notes. Based on this review, the Court has concluded that these portions of the recommendation are a correct application of the facts and the law and will accept the magistrate judge's recommendation.

## IV. CONCLUSION

Therefore, it is

**ORDERED** that the Recommendation of United States Magistrate Judge [Docket No. 121] is **ACCEPTED**. It is further

**ORDERED** that Defendant Giles's Objection to the Magistrate Judge's Recommendation on Motion to Dismiss (ECF No. 121) [Docket No. 122] is **OVERRULED**. It is further

**ORDERED** that the Motion to Dismiss Second Amended Complaint (ECF No. 107) [Docket No. 113] is **GRANTED in part and DENIED in part**. It is further

[1] Plaintiff does not independently number his claims, but rather puts all his claims for relief under "Claim one." Docket No. 107 at 4-16.

**ORDERED** that plaintiff's first claim for relief is **DISMISSED without prejudice** to the extent it brings excessive force claims against defendants Clark and Isom, deliberate indifference claims against defendants Clark, Isom, and Giles, and failure-to-intervene claims against defendants Clark and Isom. It is further

**ORDERED** that defendants Clark and Isom are **DISMISSED** as parties to this action.

DATED September 18, 2026.

BY THE COURT:

PHILIP A. BRIMMER
United States District Judge